**RECONSTRUCTION FINANCE CORPORA-
TION et al. v. ELDER, Municipal
Revenue Collector, et al.**

**No. 837.**

District Court, N. D. Georgia,
Atlanta Division.

Feb. 10, 1939.

Hirsch & Smith, A. S. Clay, D. F. Mc-
Clatchey, Edgar B. Dunlap, William C.
Fitts, and Claud E. Hamilton, Jr., all of
Atlanta, Ga., for plaintiffs.

J. C. Savage, C. S. Winn, Bond Almand,
and J. C. Murphy, all of Atlanta, Ga., for
defendants.

UNDERWOOD, District Judge.

The above case came on for hearing up-
on motion to dismiss and was heard both
orally and on briefs.

This is a suit in equity to enjoin the
collection of taxes, assessed by the City of
Atlanta, from the Fulton National Bank,
as Agent for the Reconstruction Finance
Corporation, upon shares standing in the
name of the Reconstruction Finance Cor-
poration but in reality owned by the United
States of America.

The taxes in question were assessed for
the year 1936 and at a time when, under the
authority of Baltimore National Bank v.
State Tax Commission of Maryland, 297
U.S. 209, 56 S.Ct. 417, 80 L.Ed. 586, such
taxes were valid.

However, after said assessment was
made and executions issued thereon, but
before payment, Congress amended the
previous law permitting the taxation of
such shares by the Act of March 20, 1936,
12 U.S.C.A. § 51d, which withdrew such
privilege to tax. The Amending Act pro-
vided that: "Notwithstanding any other
provision of law or any privilege or con-
sent to tax expressly or impliedly granted
thereby, the shares of preferred stock of
national banking associations, and the
shares of preferred stock, capital notes, and
debentures of State banks and trust com-
panies, acquired before or after March 20,
1936 by Reconstruction Finance Corpora-
tion, and the dividends or interest derived
therefrom by the Reconstruction Finance
Corporation, shall not, so long as Recon-
struction Finance Corporation shall con-
tinue to own the same, be subject to any
taxation by the United States, by any Ter-
ritory, dependency, or possession thereof,
or the District of Columbia, or by any
State, county, municipality, or local taxing
authority, whether imposed, levied, or as-
sessed on, before or after March 20, 1936,
and whether for a past, present, or future
taxing period."

From the foregoing statement of facts,
the question is seen to be whether or not
Congress had the constitutional right to
withdraw the privilege which the City of
Atlanta previously had of taxing the stocks
in question, after the amount of taxes as-
sessed thereon had become, under the State
Law, a lien upon the shares of stock.

In my opinion, it is clear that the privi-
lege to tax such stock standing in the name
of Reconstruction Finance Corporation, a
purely governmental agency, resulted from
mere oversight on the part of Congress and
that it was never the intention of Congress
to permit the taxation of such shares when
so owned; that this oversight was correct-
ed as soon as possible after the Supreme
Court decision, supra, by the passage of the
Act of March 20, 1936, which expressly,
and without ambiguity, undertakes to annul

such privilege with respect to present, future and past assessments.

■ The privilege permitted by the law before amendment was a pure gratuity. The municipality gave nothing and the United States received nothing in exchange for such privilege. There was no consideration moving from one to the other. Such exemption was a mere bounty, valuable as long as the United States chose to concede it, but subject to be withdrawn at any time the Government saw fit.

■ No vested right resulted from the fact that, under the State Law, the tax lien may have attached prior to the Act amending the law.

For these reasons, I think the petition sets out a good cause of action and that the motion to dismiss is not good and the same is hereby overruled.